**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10196 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00017-DCB-JCG-1 |
| v. | |
| PAULINE GALLEGO HONG, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted May 9, 2011[**]
San Francisco, California

Before: D.W. NELSON and W. FLETCHER, Circuit Judges, and DUFFY, District
Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kevin Thomas Duffy, District Judge for the U.S.
District Court for Southern New York, New York, sitting by designation.

After entering a conditional guilty plea and starting the service of her sentence, Pauline Hong appeals the district court's denial of her motion to suppress evidence of marijuana found in her vehicle and her inculpatory post-arrest statement. She argues that the district court erred (1) in finding that border patrol agents' testimony was credible and (2) in admitting evidence at the suppression hearing regarding another vehicle the agents were investigating along with Hong's vehicle. We affirm.

We review a district court's denial of a motion to suppress evidence de novo. *United States v. Delgado*, 545 F.3d 1195, 1200 (9th Cir. 2008) (citations omitted). Factual determinations underlying a determination that there was reasonable suspicion to conduct an investigatory stop are reviewed for clear error. *United States v. Diaz-Juarez*, 299 F.3d 1138, 1140 (9th Cir. 2002) (citations omitted). Because Hong raises a Rule 403 objection to the court's admission of contested evidence for the first time on appeal, we review the admission for plain error. *United States v. Khan*, 993 F.2d 1368, 1377 (9th Cir. 1993).

The district court did not err at the suppression hearing in finding the border patrol agents' testimony credible. We give "special deference to the district court's credibility determinations." *United States v. Haswood*, 350 F.3d 1024, 1028 (9th Cir. 2003). The court considered weaknesses in the agents' testimony, including

2

omitting certain details from their reports, but found that they were nonetheless credible based on their consistency with each other's testimony, with radio transmissions from that day, and with evidence presented by the government indicating that the agents had been in possession of high-beam flashlights on the day in question. *See* I ER Tab 5 at 9 & n.7. The court's finding was not clearly erroneous.

The district court did not err in admitting evidence at the suppression hearing regarding the stop of another vehicle with which officers believed Hong was driving in tandem. Evidence of tandem driving is relevant to the question of whether there is reasonable suspicion to conduct a stop. *United States v. Montero-Camargo*, 208 F.3d 1122, 1139 (9th Cir. 2000) (en banc). Moreover, the concerns underlying the rules of evidence are greatly reduced in the context of a suppression hearing before a judge, rather than a trial before a jury. *See United States v. Raddatz*, 447 U.S. 667, 679 (1980) ("At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial.") (citations omitted); *Hollinger v. United States*, 651 F.2d 636, 640 (9th Cir. 1981) ("[A] district judge sitting without a jury has discretion to receive evidence that might be inadmissible in a jury trial."). The court's consideration of this evidence was not plain error.

3

**AFFIRMED.**